MARC PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
ADRIANA E. AHUMADA (CA #274295)
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7742
ahumada.adriana.e@dol.gov
*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>VIDAL IMPORT AND EXPORT, INC.,<br>RENE VIDAL, individually and as<br>managing agent of the entity defendants,<br>and MARTHA VIDAL, individually and as<br>managing agent of the entity defendants,<br><br>Defendants. | Case No. **'22CV731  BEN KSC**<br><br>**COMPLAINT** |

1.  The, Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants Vidal Import and Export, Inc. ("Vidal"), Vidal Managing Agent Rene Vidal, and Vidal Managing Agent Martha Vidal (collectively the "Defendants"), from violating provisions of

Sections 15 (a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(1), 215(a)(2) and 215(a)(5), and to recover amounts owed under the FLSA to employees of Defendants, as listed by name in the attached Exhibit A to this complaint, for the period from September 14, 2019, through September 13, 2021.

2. This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. §217; this Court also has subject matter jurisdiction of this action under 28 U.S.C. §1331 (federal question) and §1345 (United States as Plaintiff).

3. (a) Defendant Vidal is and at all relevant times has been corporation in California with an office and place of business at 2323 Avenida Costa Este, Suite 700, San Diego, CA 92154, within the jurisdiction of this Court, and has been engaged in the business as a customs warehouse broker. Vidal also has an additional office and place of business in 1204 W Industrial Park Dr., Nogales, AZ 85621.

i. (b) On information and belief, Defendant Rene Vidal resides within the jurisdiction of this Court.

ii. (c) On information and belief, Defendant Martha Vidal resides within the jurisdiction of this Court.

iii. (d) Defendants Rene Vidal and Martha Vidal are and at all relevant times have been acting directly or indirectly in the interest of Vidal, in relation to the employees of Vidal, and are employers under FLSA § 3(d), 29 U.S.C. § 203(d).

4. Defendants' activities constitute, and at all times material hereto have constituted, related activities performed through unified operation or common control for a common business purpose; and are, and at all times material hereto have been, an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

5. The aforesaid enterprise has, and at all times material hereto has had, employees engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials which have been

moved in or produced for commerce. Said enterprise has, and at all times material hereto has had, an annual gross volume of sales made or business done (exclusive of any excise taxes at the retail level, if any, that were separately stated) of no less than $500,000.00; and said enterprise constitutes, and at all times material hereto has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s), 29 U.S.C. § 203(s).

6. Defendants, individually and jointly, serving as agents for one another, have controlled the material aspects of the employment relationship with all employees at Vidal's offices and places of business located at 2323 Avenida Costa Este, Suite 700, San Diego, CA 92154 and 1204 W Industrial Park Dr., Nogales, AZ 85621, where they operated or operate, including, hiring, firing, setting pay rates, setting work schedules, assigning work, and preparing and maintaining pay records; these employees are listed in the attached Exhibit A. As such, Defendants are jointly and severally liable for all back wages due to their employees.

7. Defendants have violated and are violating provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, at wage rates less than the applicable federal minimum wage of $7.25 per hour. At all relevant times, Defendants have willfully violated and continue to violate Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2). Defendants knew or should have known of the FLSA's minimum wage requirements but nevertheless employed workers without properly compensating them.

b. Defendants have violated the provisions of Sections 7 and l5(a)(2) of the FLSA, 29 U.S.C. §207 and §215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of

goods for commerce, within the meaning of FLSA Section 3(s), 29 U.S.C. § 203(s), for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

8. Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Plaintiff-Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

9. During the period of September 14, 2019, through September 13, 2021, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1) (the "hot goods" provision), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of Defendants were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above.

10. (a) During the period from September 14, 2019, through September 13, 2021, Defendants have repeatedly and willfully violated and are violating the above-described provisions of the FLSA.

(b) As a result of the violations of the monetary provisions of the FLSA, there is unpaid minimum wage and overtime compensation due under the FLSA that are being withheld by the Defendants.

(c) A judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by Section 17 of FLSA, 29 U.S.C. §217.

(d) A judgment enjoining and restraining the continued withholding of

unpaid overtime compensation due under the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. §217.

(e) Judgment awarding unpaid minimum wage and overtime compensation due under the FLSA, plus an additional amount, as liquidated damages, that is equal to the amount of overtime compensation that accrued under the FLSA, is specifically authorized by FLSA Section 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A. (i) For an order pursuant to Section 17 of the FLSA, 29 U.S.C. §217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(1), 215(a)(2) and 215(a)(5); and

B. For an order

(i) pursuant to FLSA § 16(c), 29 U.S.C. § 216(c) finding the Defendants liable for any unpaid minimum wage and overtime compensation that may be found by the Court to be due under the FLSA plus an additional amount as and for liquidated damages, equal to any minimum wage and overtime compensation found to have accrued under the FLSA, to present and former employees of Defendants including the persons listed by name on the attached Exhibit A; or

(ii) in any instances where liquidated damages are not awarded herein, restraining, pursuant to FLSA § 17, 29 U.S.C. § 217, the Defendants, their officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees

of Defendants including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and,

    C. Awarding the Secretary the costs of this action and providing such further legal and equitable relief as may be deemed appropriate.

Dated: May 20, 2022

SEEMA NANDA
Solicitor of Labor

MARC PILOTIN
Regional Solicitor

BORIS ORLOV
Wage and Hour Counsel


/s/Adriana Ahumada
ADRIANA AHUMADA
Trial Attorney
Attorneys for the Plaintiff
U.S. Department of Labor

# EXHIBIT A

1. Carlos Alatorre Flores
2. Olger Arjona
3. Israel Briseno Ruiz
4. Ivan Carvajal
5. Daniel Cervantes Perez
6. Guillermo Chavira Mendez
7. Jesus Contreras
8. Miguel Garcia Tellez
9. Ignacio Levya
10. Julio Lobo
11. Benjamin Montijo
12. Mario Ortiz
13. Manuel Peralta
14. Wendy Idelfonso
15. Adrian Prado
16. Carlos Ramirez
17. Jesus Ruiz Rosa
18. Angel Santana Garcia
19. Sergio Valencia
20. Manuel Vicencio Moreno
21. Victor Vicencio Moreno