1  MARC A. PILOTIN
2  Regional Solicitor
   BORIS ORLOV
3  Counsel for Wage and Hour
4  ADRIANA E. AHUMADA (CA #274295)
   UNITED STATES DEPARTMENT OF LABOR
5  90 7th Street, Suite 3-700
6  San Francisco, CA 94103-1516
   Telephone: (415) 625-7742
7  ahumada.adriana.e@dol.gov
8  *Attorneys for Plaintiff Martin J. Walsh*
9  *United States Secretary of Labor*

10

11         IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF CALIFORNIA
12

13

14  MARTIN J. WALSH,                      Case No. 3:22-cv-731-BEN-KSC
    Secretary of Labor,
15  United States Department of Labor,    **CONSENT JUDGMENT**

16
                              Plaintiff,
17
               v.
18
    VIDAL IMPORT AND EXPORT, INC.;
19  RENE VIDAL, individually and as
20  managing agent of the entity defendant; and
    MARTHA VIDAL, individually and as
21  managing agent of the entity defendant,
22
                              Defendants.
23

24

25

26        Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of

27  Labor (the "Secretary"), and Defendants Vidal Import and Export, Inc. ("Vidal"),

28  Co-Representative of Vidal, Martha Vidal, and Co-Representative of Vidal, Rene

---

CONSENT JUDGMENT AS TO VIDAL IMPORT & EXPORT, INC., ET AL
Case No. 3:22-cv-731-BEN-KSC                                    Page 1

Vidal (the "Defendants"), (collectively the "Parties"), have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Injunction ("Consent Judgment") as provided below.

## STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES

A. The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 6, 7, 11(c), 15(a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(1), 215(a)(2) and 15(a)(5).

B. Defendants have retained defense counsel and acknowledge receipt of a copy of the Secretary's Complaint in this action.

C. Defendants waive issuance and service of process of the Summons and Complaint, and waive their response to the Secretary's Complaint.

D. The Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period of September 14, 2019, through September 13, 2021. The parties have agreed to settle and resolve all alleged FLSA violations attributable to Defendants through this Consent Judgment.

E. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

F. For purposes of this consent judgment only, Defendants admit that the Court has jurisdiction over the Defendants and the subject matter of this civil action and that venue lies in the Southern District of California.

G. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction will be provided with notice of the provisions of this Consent Judgment within 30 days of entry. Defendants represent that they and all individuals and entities acting on their behalf or at their direction and any individual, entity, or corporation with ownership or managerial authority over Defendants have notice of, and understand, the provisions of this Consent

Judgment.

H.  Defendants admit that the employees, identified on Exhibit A, which the Parties have agreed to file under seal,[1] handle and transport goods at their warehouse located at 2323 Avenida Costa Este, Suite 700, San Diego, CA 92154 and 1204 W Industrial Park Dr., Nogales, AZ 85621. These goods have been moved in commerce within the meaning of the Section 3(s) of the FLSA, 29 U.S.C. § 203(s), and are offered for transportation and shipment.

## JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with it, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.  Defendants shall not, contrary to Section 6 of the FLSA, 29 U.S.C. § 206, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the Section 3(s) of the FLSA, wages at a rate less than the operative minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

///

---

[1] Defendants may file redacted copies of Exhibit A if an employee contests whether they are due back wages covered by this Consent Judgment. The redacted Exhibit A must redact all employee names and payment information except for the employee contesting the back wages owed.

1          2.      Defendants shall not, contrary to Section 7 of the FLSA, 29 U.S.C.
2    § 207, employ any employee who in any workweek is engaged in commerce,
3    within the meaning of the FLSA, or is employed in an enterprise engaged in
4    commerce or in the production of goods for commerce, within the meaning of
5    Section of 3(s) of the FLSA, for any workweek longer than 40 hours unless such
6    employee receives compensation for his or her employment in excess of 40 hours
7    in such workweek at a rate not less than one and one-half times the regular rate at
8    which he or she is employed.

9          3.      Defendants shall not, contrary to Section 15(a)(1) of the FLSA, 29
10   U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in
11   commerce (or ship, deliver, or sell with knowledge or reason to believe that
12   shipment, delivery, or sale in commerce is intended) goods in the production of
13   which any employee (of the Defendants or other(s)) has been employed in
14   violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay
15   provisions (29 U.S.C. § 207).

16         4.      Defendants shall not fail to make, keep, make available to authorized
17   agents of the Secretary for inspection, transcription, and/or copying, upon their
18   demand for such access, and preserve records of employees and of the wages,
19   hours, and other conditions and practices of employment maintained, as prescribed
20   by regulations issued, and from time to time amended, pursuant to Sections 11(c)
21   and 15(a)(5) of the FLSA , 29 U.S.C. §§ 211(c) and 215(a)(5) and the
22   implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

23         5.      Defendants, jointly and severally, shall not continue to withhold the
24   payment of $82,899.90 in minimum wage pay hereby found to be due by the
25   Defendants under the FLSA to employees, as a result of their employment by
26   Defendants during the period of September 14, 2019, through September 13, 2021
27   ("Back Wage Accrual Period").

28   ///

1    6.    Defendants, jointly and severally, shall not continue to withhold the

2  payment of $275,643.36 in overtime pay hereby found to be due by Defendants

3  under the FLSA to employees, resulting from their employment by Defendants

4  during the Back Wage Accrual Period.

5    7.    Defendants, jointly and severally, will further pay the Department of

6  Labor an additional sum of $16,478.00 in civil monetary penalties.

7    8.    The total amount Defendants owe in unpaid minimum wages, unpaid

8  overtime, and civil money penalties under this Consent Judgment is $375,021.26.

9  Defendants shall pay $20,000 in one payment due within 15 days of the Court

10 entering this Consent Judgment, which shall be credited to back wages due. After

11 the initial payment, Defendants shall pay interest accruing at a rate of 1%

12 compounded annually on the remaining $338,543.26 in back wages due until fully

13 paid.  Thereafter, Defendants shall pay $5,000 a month beginning on the 15th day

14 of the month after the first payment is made. The balance of $355,021.26 of back

15 wages and civil monetary penalties plus any interest owed shall be paid within 365

16 days of the Court approving of this Consent Judgment.[2]  The payment schedule is

17 outlined in **Exhibit C**. Defendants may make the payments for minimum wage and

18 overtime back wages owed as required by this Consent Judgment (back wages plus

19 interest as applicable) online by ACH transfer, credit card, debit card, or digital

20 wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to

21 www.pay.gov and searching "WHD Back Wage Payment - WE Region".

22 Payments shall reference BW Case Number # 1942169. Defendants shall make

23 payments for civil monetary penalties after completing payment of the full back

24 wages due under this Consent Judgment by going to www.pay.gov, then entering

25

26 _____

[2] Defendants have commenced the process of refinancing certain real property and
27 intend to pay off the remaining balance of the Consent Judgment amount with
credits provided for any payments previously made no later than one year from the
28 Court approving this Consent Judgment. No prepayment penalty shall apply.

1   "WHDCMPWE" in the search field, clicking search, selecting the "WHD Civil
2   Money Penalty Payment Form – Western Region" payment form, clicking the blue
3   "Continue," and following payment instructions.

4       9.    Defendants will cooperate with and provide assistance, including
5   employee contact information, to the Wage and Hour Division with distribution of
6   the wages and location of employees.

7       10.   The Secretary shall allocate and distribute the funds described in
8   paragraphs 5 and 6 less deductions for employees' share of social security and
9   withholding taxes on the back wage amounts to the persons named in the attached
10  Exhibit A, or to their estates if that be necessary, in his sole discretion, and any
11  money not so paid, because of an inability to locate the proper persons or because
12  of their refusal to accept it, shall be then deposited in the Treasury of the United
13  States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

14      11.   In the event of any default in the timely making of any payment due
15  hereunder, the full amount due under the back wage provisions of this Consent
16  Judgment which then remains unpaid, plus post-judgment interest at the rate of
17  10% per year, from the date of this Judgment until paid in full, shall become due
18  and payable upon the Secretary's sending by ordinary mail a written demand to the
19  last business address of Defendants then known to the Secretary.

20      12.   Defendants, their officers, agents, servants, and employees and those
21  persons in active concert or participation with Defendants, shall not in any way
22  directly or indirectly, demand, require or accept any of the back wages from the
23  individuals listed on Exhibit A. Defendants shall not threaten or imply that adverse
24  action will be taken against any employee because of their receipt of funds to be
25  paid under this Consent Judgment. Violation of this Paragraph may subject
26  Defendants to equitable and legal damages, including punitive damages and civil
27  contempt.
28  ///

1  13. Defendants, their officers, agents, servants, and employees and those
2  persons in active concert or participation with Defendants, shall not in any way
3  retaliate or take any adverse employment action, or threaten or imply that adverse
4  action will be taken against any employee who exercises or asserts their rights
5  under the FLSA or provides information to any public agency investigating
6  compliance with the FLSA. Violation of this Paragraph may subject Defendants to
7  equitable and legal damages, including punitive damages and civil contempt.

8  14. Defendants shall comply with the FLSA, and if not already in effect at
9  the time of entry of this Consent Judgment, shall amend and maintain their payroll
10  practices as follows:

11     a. Defendants shall accurately record the information required by 29
12      C.F.R. § 516.2 in the payroll records, including, for each employee (1)
13      the rate(s) of pay for each of the hours worked during a workweek; (2)
14      the start, stop, and total hours employees work each workweek; (3)
15      the total weekly straight-time earnings due for the hours worked
16      during the workweek; and (4) the total premium pay for overtime
17      hours.

18     b. Defendants shall record all wages paid to employees, regardless of the
19      manner of payment, including but not limited to the currency in which
20      the payment was made, on its payroll records. When Defendants
21      record the manner of payment, Defendants will specify the currency
22      in which the payment was made.

23     c. Defendants shall maintain a physical copy of all payroll records and
24      time records for all employees at a location within the United States.

25     d. Defendants shall not alter or manipulate time or payroll records to
26      reduce the number of hours actually worked by an employee, and
27      Defendants shall not encourage workers to under-report their hours
28      worked.

e.  Defendants shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors and payroll providers to encourage workers to report all hours worked.

15.  Within 30 days of the entry of this Consent Judgment, Defendants shall supply all of their employees with copies of the attached **Exhibit B**, which summarizes terms of this Consent Judgment and the employees' rights under the FLSA, in English and Spanish. In addition, Defendants shall provide copies of **Exhibit B** to all new hires and post a copy at their location(s) in an area that is frequented by employees and where it is visible. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

16.  On at least an annual basis, Defendants shall hire an independent third-party to conduct supervisor training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers. The training shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements, including instruction on determining whether workers are classified as employees for purposes of the FLSA and whether employees are exempt from the FLSA's overtime requirements. All supervisors and employees who determine Defendants' employees' pay or schedules or who prepare payroll shall attend this training. The training shall be compensable time for which employees shall receive pay and shall not exceed one hour. Defendants shall maintain documentation of these trainings for a period of four years and shall provide it to representatives of the Secretary of Labor upon request. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

///

///

1    17.    Within 60 days of the date that Defendants sign this Consent
2   Judgment, Defendants shall hire an independent third-party to conduct non-
3   supervisory employee training as to the requirements of the FLSA in their native
4   language. The training shall be compensable time for which employees shall
5   receive pay and shall not exceed one hour. The independent third-party conducting
6   the training shall include, but are not limited to: minimum wage, overtime,
7   recordkeeping provisions of the FLSA, and instruction on determining whether
8   workers are classified as employees for purposes of the FLSA and whether
9   employees are exempt from the FLSA's overtime requirements. This training shall
10  be repeated two additional times, one to occur no earlier than twelve months after
11  the initial training and no later than twenty-four months after the initial training,
12  and another to occur no earlier than twelve months after the second training and no
13  later than twenty-four months after the second training.

14    18.    Defendants will allow the Department of Labor to inspect any payroll
15  records for employees working in the United States and video surveillance for any
16  locations in the United States upon request.

17    19.    At least once a year, Defendants will permit the Department of
18  Labor's Wage and Hour Division to speak to Defendants' employees, including
19  supervisors, to confirm that Defendants are complying with the FLSA and with this
20  Consent Judgment and to answer any questions Defendants' employees may have
21  about their rights under the FLSA. This time shall be compensable time for which
22  employees shall receive pay. Defendants consent to the Wage and Hour Division
23  speaking to Defendants' employees, including supervisors, without Defendants or
24  their representatives present.

25    20.    Defendants agree to provide, at their expense, one representative to
26  participate in three public events promoting compliance with the FLSA at Wage
27  and Hour Division's request per year over the next two years, for a total of six
28  public events. Defendants will collectively only provide one representative per

---

event and may provide a different representative for each event. The representative will present at each event the pay and recordkeeping practice changes that Defendants made to comply with the FLSA and with this Consent Judgment. Each public event will last no more than 4 hours. All public events will either require Defendants' representative to attend virtually or to travel within San Diego or Imperial County. Defendants shall bear the costs of attending these public events. **FURTHER,**

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A nor as to any employee named on the attached Exhibit A for any period not specified therein; and, it is further,

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further,

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED

Dated: _____, 2022.

Roger T. Benitez
United States District Judge

For the Plaintiff:

MARC PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour Litigation

ADRIANA E. AHUMADA
Trial Attorney

[THIS PAGE LEFT INTENTIONALLY BLANK]

1   For Defendants:

2   Defendants hereby appear and consent to the entry of this Judgment and waive
3   notice by the Clerk of Court.

4

5   For Vidal Import and Export, Inc., and In Their Personal Capacities:

6

7   MARTHA VIDAL
8   Co-Representative and Co-Owner of Vidal Import and Export, Inc.

9

10

11  RENE VIDAL
12  Co-Representative and Co-Owner of Vidal Import and Export, Inc.

13

14

15  Approved as to Form:

16

17  GUSTAVO E. BRAVO
    Attorney for Defendants
18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**SUS DERECHOS BAJO LA FLSA**

**(California)**

El Departamento de Trabajo federal y su empleador han llegado a un acuerdo para resolver una investigación bajo la Ley de Normas Razonables de Trabajo (FLSA en inglés) del Departamento de Trabajo sobre las prácticas de pago de su empleador. Según la FLSA:

- Si usted trabaja 40 horas o menos en una semana, su empleador le debe el salario mínimo federal ($7.25 por hora) por todas las horas que usted trabajo.

  o Por ejemplo, si usted trabajara 40 horas durante una semana por $5 cada hora, o menos del salario mínimo federal, su empleador le debería más dinero.

  o Usted puede calcular lo que su empleador le debe si multiplica las horas que trabajo por la diferencia entre el salario mínimo federal y el salario por hora que le pagaron.

  o En este ejemplo, la diferencia entre el salario mínimo federal ($7.25) y su salario horario ($5.00) es $2.25. Multiplicaría $2.25 por 40 horas para determinar que su empleador le debe $90.00.

- Bajo la ley federal, si usted trabaja más de cuarenta horas en una semana, su empleador le debe el más alto de su salario horario o el salario mínimo de California (que es aún más alto que el salario mínimo federal) por todas las horas que usted trabaja. Su empleador también le debe pago adicional de sobretiempo por todas las horas que trabaja más de 40 horas por semana.

  o El pago de sobretiempo federal es adicional a su salario horario y debe ser el 50 por ciento de su salario horario, que tiene que ser al menos el equivalente al salario mínimo de California.

  o Hasta el 31 de diciembre, 2022, el salario mínimo estatal del estado de California es $14.00 por hora para empleados que trabajan para empleadores con 25 o menos empleados y $15.00 por hora para empleados que trabajan para empleadores con 26 o más empleados.

  o Empezando el 1 de enero, 2023, el salario mínimo estatal del estado de California es $15.00 para todos empleados.

  o Por ejemplo, si usted trabaja por un empleador en California con menos de 26 empleados, su salario horario es $14.00, y usted trabaja 50 horas en una semana, se le debería:

- Su pago normal por hora (que también se llama "straight time" en ingles sería 50 horas x $14.00 = $700.00.

- Más tiene que agregar el pago de sobretiempo federal por todas las horas que trabajo más de 40 horas. En este ejemplo, usted trabajo 10 horas más de cuarenta horas. Su salario horario es $14.00, que es más alto que salario mínimo federal y equivalente que el salario mínimo de California. El pago de sobretiempo por cada hora adicional de cuarenta seria el 50 por ciento de $14.00, o $7.00. Como usted trabajo 10 horas más de cuarenta, el pago de sobre tiempo esta semana seria 10 horas x $7.00 = $70.00.

- Su pago total para la semana sería $700.00 + $70.00 = $770.00.

  o Por ejemplo, si usted trabaja por un empleador en California con menos de 26 empleados, su salario horario es $5.00, y usted trabaja 50 horas en una semana, se le debería:

  - Su pago normal por hora (que también se llama "straight time" en ingles sería 50 horas x $5.00 = $250.00.

  - También su empleador le debe la diferencia entre su salario horario de $5.00 y el salario mínimo de California de $14.00, o 50 horas x $9.00 = $450.00.

  - Más, bajo la ley federal tiene que agregar el pago de sobretiempo federal por todas las horas que trabajo más de 40 horas. En este ejemplo, usted trabajo 10 horas más de cuarenta horas. Su salario horario es $14.00, que es más alto que salario mínimo federal y equivalente que el salario mínimo de California. El pago de sobretiempo por cada hora adicional de cuarenta seria el 50 por ciento de $14.00, o $7.00. Como usted trabajo 10 horas más de cuarenta, el pago de sobre tiempo esta semana seria 10 horas x $7.00 = $70.00.

  - Su pago total para la semana sería $250.00 + $450.00 + $70.00 = $770.00.

- Su empleador debe documentar y reportar correctamente cada hora que trabaja y todos los pagos que recibe.

- Su empleador no puede amenazarlo ni tomar medidas en su contra por hablar con un representante del DOL, participar en un caso legal del DOL o ejercer sus derechos ante la FLSA.

- **Es ilegal que alguien le haga daño porque habló con un representante del DOL, participó en un caso legal del DOL o habló sobre sus derechos ante la FLSA. Es ilegal que su empleador tome las siguientes medidas porque ejerció sus derechos de FLSA:**
    - o Despedirlo a usted o a cualquier amigo o familiar que trabaje con usted;
    - o Negarse a pagarle por todas las horas que trabaja;
    - o Negarse a emplear a un familiar suyo;
    - o Reportarle al gobierno para su deportación;
    - o Reducir sus horas de trabajo o la cantidad que gana;
    - o Amenazarlo con problemas legales o usar a su abogado para hacerle daño;
    - o Hacer cualquier otra amenaza o tomar cualquier acción dañina contra usted.
- También es ilegal que alguien le obligue a firmar un documento con información falsa sobre las horas que trabaja, el pago que recibe, o cualquier otra cosa relacionada con sus derechos a la FLSA.
- Usted tiene el derecho legal de decir la verdad sobre sus condiciones de trabajo sin que nadie lo amenace o lo cause daño.
- Estas leyes se aplican a usted sin importancia de su estatus migratorio.

**Si ocurre alguna de estas acciones, comuníquese inmediatamente con el DOL al (619) 557-5110.**

**EXHIBIT B**

**YOUR RIGHTS UNDER THE FLSA**

**(California)**

The U.S. Department of Labor ("DOL") and your employer have reached an agreement to resolve the Department's investigation under Fair Labor Standards Act (FLSA) into your employer's pay practices. Under the FLSA:

- If you work 40 hours a week or less, your employer must pay you the federal minimum wage, which is $7.25 per hour, for all hours worked.

  - For example, if you worked 40 hours at an hourly rate of $5.00, or less than the federal minimum wage, your employer would owe you more money.

  - You can calculate what your employer would owe you by multiplying the hours that you worked by the difference between the federal minimum wage and the hourly rate that you were paid.

  - In this example, the difference between the minimum wage ($7.25) and your hourly rate ($5.00) is $2.25. You would multiply $2.25 by 40 hours to determine that your employer owes you $90.00.

- Under federal law, if you work more than 40 hours per week, your employer owes you your hourly rate or the California state minimum wage (which is higher than the federal minimum wage), whichever is higher, for all hours that you work. Your employer also owes you additional overtime pay for all hours that you worked over 40 hours.

  - Federal Overtime pay is in addition to your normal hourly pay and must be 50 percent of your normal hourly pay or the California state minimum wage, whichever is higher, for each hour that you work.

  - Through December 31, 2022, the California minimum wage is $14.00 for employees who work for employers with 25 or fewer employees. and $15.00 for employees who work for employers with 26 or more employees.

  - Starting January 1, 2023, the California minimum wage will be $15.00 for all employees.

  - For example, if you worked for an employer in California with less than 26 employees, your hourly rate was $14.00 an hour, and you worked 50 hours in a week, you would be owed:

- - Your normal pay for each hour (also known as "straight time"), 50 hours x $14.00 = $700.00.
  - Under federal law, you also would be owed overtime pay for all hours over 40 that you worked. In this example, you worked 10 hours more than 40 hours. Your hourly rate $14.00, which is higher than the federal minimum wage and equivalent to the state minimum wage. The overtime pay for each hour would be $14.00 multiplied by 50 percent, which equals $7.00. Therefore, your overtime premium for that week would 10 hours x $7.00 = $70.00
  - Your total weekly pay would therefore be $700.00 + $70.00 = $770.00.
  - For example, if you worked for an employer in California with less than 26 employees, your hourly rate was $5.00 an hour, and you worked 50 hours in a week, you would be owed:
    - Your normal pay for each hour, 50 hours x $5.00 = $250.00.
    - You also would be owed difference between your pay of $5.00 an hour and California minimum wage of $15.00 per hour, 50 hours x $9.00 = $450.00
    - In addition, under federal law, you would be owed overtime pay for all hours over 40 that you worked. In this example, you worked 10 hours more than 40 hours. The overtime pay for each hour would be $14.00 multiplied by 50 percent, which equals $7.00. Therefore, your overtime premium for that week would 10 hours x $7.00 = $70.00
  - Your total weekly pay would therefore be $250.00 + $450.00 + $70.00 = $770.00.
- Your employer must correctly document and report each hour you work and all pay you receive.
- Your employer cannot threaten you or take action against you for speaking to a DOL representative, participating in a DOL legal case, or exercising your FLSA rights.
- **It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL legal case, or spoke up about your FLSA rights. It is illegal for your employer to take the following actions because you exercised your FLSA rights:**
  - Fire you or any friends or relatives that work with you;

- o Refuse to pay you for all hours you work;
- o Refuse to hire a relative of yours;
- o Report you to the government for deportation;
- o Reduce your work hours or the amount you earn;
- o Threaten you with legal problems or threaten to use their lawyer to harm you;
- o Make any other threat or take any harmful action against you.

- It is also illegal for anyone to force you to sign a document with false information about the hours you work, pay you receive, or anything else related to your FLSA rights.
- You have the legal right to tell the truth about your working conditions without anyone threatening or causing you harm.
- These laws apply to you regardless of your immigration status.

**If any of these actions occur, please immediately contact the DOL at (619) 557-5110.**

## EXHIBIT B

## SUS DERECHOS BAJO LA FLSA

### (Arizona)

El Departamento de Trabajo federal y su empleador han llegado a un acuerdo para resolver una investigación bajo la Ley de Normas Razonables de Trabajo (FLSA en inglés) del Departamento de Trabajo sobre las prácticas de pago de su empleador. Según la FLSA:

- Si usted trabaja 40 horas o menos en una semana, su empleador le debe el salario mínimo federal ($7.25 por hora) por todas las horas que usted trabajo.
  - o Por ejemplo, si usted trabajara 40 horas durante una semana por $5 cada hora, o menos del salario mínimo federal, su empleador le debería más dinero.
  - o Usted puede calcular lo que su empleador le debe si multiplica las horas que trabajo por la diferencia entre el salario mínimo federal y el salario por hora que le pagaron.
  - o En este ejemplo, la diferencia entre el salario mínimo federal ($7.25) y su salario horario ($5.00) es $2.25. Multiplicaría $2.25 por 40 horas para determinar que su empleador le debe $90.00.
- Bajo la ley federal, si usted trabaja más de cuarenta horas en una semana, su empleador le debe el más alto de su salario horario o el salario mínimo de Arizona (que es aún más alto que el salario mínimo federal) por todas las horas que usted trabaja. Su empleador también le debe pago adicional de sobretiempo por todas las horas que trabaja más de 40 horas por semana.
  - o El pago de sobretiempo federal es adicional a su salario horario y debe ser el 50 por ciento de su salario horario, que tiene que ser al menos el equivalente al salario mínimo de Arizona.
  - o Hasta el 31 de diciembre, 2022, el salario mínimo estatal del estado de Arizona es $12.80.
  - o El salario mínimo del estado de Arizona puede aumentar cada año porque la ley estatal para salarios justos y familias saludables de Arizona tiene una provisión que aumenta el salario mínimo anualmente en acuerdo con aumentos de costo de vida.
  - o Por ejemplo, si usted trabaja por un empleador en Arizona, su salario horario es $12.80, y usted trabaja 50 horas en una semana, se le debería:
    - ▪ Su pago normal por hora (que también se llama "straight time" en ingles sería 50 horas x $12.80 = $640.00.

- Más tiene que agregar el pago de sobretiempo federal por todas las horas que trabajo más de 40 horas. En este ejemplo, usted trabajo 10 horas más de cuarenta horas. Su salario horario es $12.80, que es más alto que salario mínimo federal y equivalente que el salario mínimo de Arizona. El pago de sobretiempo por cada hora adicional de cuarenta seria el 50 por ciento de $12.80, o $6.40. Como usted trabajo 10 horas más de cuarenta, el pago de sobre tiempo esta semana seria 10 horas x $6.40 = $64.00.

- Su pago total para la semana sería $640.00 + $64.00 = $704.00.

  o Por ejemplo, si usted trabaja por un empleador en Arizona, su salario horario es $5.00, y usted trabaja 50 horas en una semana, se le debería:

    - Su pago normal por hora (que también se llama "straight time" en ingles sería 50 horas x $5.00 = $250.00.

    - También su empleador le debe la diferencia entre su salario horario de $5.00 y el salario mínimo de Arizona de $12.80, o 50 horas x $7.80 = $390.00.

    - Más, bajo la ley federal tiene que agregar el pago de sobretiempo federal por todas las horas que trabajo más de 40 horas. En este ejemplo, usted trabajo 10 horas más de cuarenta horas. Su salario horario es $12.80, que es más alto que salario mínimo federal y equivalente que el salario mínimo de Arizona. El pago de sobretiempo por cada hora adicional de cuarenta seria el 50 por ciento de $12.80, o $6.40. Como usted trabajo 10 horas más de cuarenta, el pago de sobre tiempo esta semana seria 10 horas x $6.40 = $64.00.

    - Su pago total para la semana sería $250.00 + $390.00 + $64.00 = $707.00.

- Su empleador debe documentar y reportar correctamente cada hora que trabaja y todos los pagos que recibe.

- Su empleador no puede amenazarlo ni tomar medidas en su contra por hablar con un representante del DOL, participar en un caso legal del DOL o ejercer sus derechos ante la FLSA.

- **Es ilegal que alguien le haga daño porque habló con un representante del DOL, participó en un caso legal del DOL o habló sobre sus derechos ante la FLSA. Es ilegal que su empleador tome las siguientes medidas porque ejerció sus derechos de FLSA:**

o Despedirlo a usted o a cualquier amigo o familiar que trabaje con usted;

o Negarse a pagarle por todas las horas que trabaja;

o Negarse a emplear a un familiar suyo;

o Reportarle al gobierno para su deportación;

o Reducir sus horas de trabajo o la cantidad que gana;

o Amenazarlo con problemas legales o usar a su abogado para hacerle daño;

o Hacer cualquier otra amenaza o tomar cualquier acción dañina contra usted.

• También es ilegal que alguien le obligue a firmar un documento con información falsa sobre las horas que trabaja, el pago que recibe, o cualquier otra cosa relacionada con sus derechos a la FLSA.

• Usted tiene el derecho legal de decir la verdad sobre sus condiciones de trabajo sin que nadie lo amenace o lo cause daño.

• Estas leyes se aplican a usted sin importancia de su estatus migratorio.

**Si ocurre alguna de estas acciones, comuníquese inmediatamente con el DOL al (619) 557-5110.**

# EXHIBIT B

# YOUR RIGHTS UNDER THE FLSA

## (Arizona)

The U.S. Department of Labor ("DOL") and your employer have reached an agreement to resolve the Department's investigation under Fair Labor Standards Act (FLSA) into your employer's pay practices. Under the FLSA:

- If you work 40 hours a week or less, your employer must pay you the federal minimum wage, which is $7.25 per hour, for all hours worked.

  o For example, if you worked 40 hours at an hourly rate of $5.00, or less than the federal minimum wage, your employer would owe you more money.

  o You can calculate what your employer would owe you by multiplying the hours that you worked by the difference between the federal minimum wage and the hourly rate that you were paid.

  o In this example, the difference between the minimum wage ($7.25) and your hourly rate ($5.00) is $2.25. You would multiply $2.25 by 40 hours to determine that your employer owes you $90.00.

- Under federal law, if you work more than 40 hours per week, your employer owes you your hourly rate or the Arizona state minimum wage (which is higher than the federal minimum wage), whichever is higher, for all hours that you work. Your employer also owes you additional overtime pay for all hours that you worked over 40 hours.

  o Federal Overtime pay is in addition to your normal hourly pay and must be 50 percent of your normal hourly pay or the Arizona state minimum wage, whichever is higher, for each hour that you work.

  o Through December 31, 2022, the Arizona state minimum wage is $12.80.

  o The Arizona state minimum wage may increase each year because the Arizona State's Fair Wages and Healthy Families Act provides for a yearly cost-of-living increase on January 1 of each year.

  o For example, if your hourly rate was $12.80 an hour, and you worked 50 hours in a week, you would be owed:

    ▪ Your normal pay for each hour (also known as "straight time"), 50 hours x $12.80 = $640.00.

- Under federal law, you also would be owed overtime pay for all hours over 40 that you worked. In this example, you worked 10 hours more than 40 hours. Your hourly rate $12.80, which is higher than the federal minimum wage and equivalent to the state minimum wage. The overtime pay for each hour would be $12.80 multiplied by 50 percent, which equals $6.40. Therefore, your overtime premium for that week would 10 hours x $6.40 = $64.00
  - Your total weekly pay would therefore be $640.00 + $64.00 = $704.00.
  - For example, if you worked for an employer in Arizona, your hourly rate was $5.00 an hour, and you worked 50 hours in a week, you would be owed:
    - Your normal pay for each hour, 50 hours x $5.00 = $250.00.
    - You also would be owed difference between your pay of $5.00 an hour and Arizona minimum wage of $12.80 per hour, 50 hours x $7.80 = $390.00
    - In addition, under federal law, you would be owed overtime pay for all hours over 40 that you worked. In this example, you worked 10 hours more than 40 hours. The overtime pay for each hour would be $12.80 multiplied by 50 percent, which equals $6.40. Therefore, your overtime premium for that week would 10 hours x $6.40 = $64.00
  - Your total weekly pay would therefore be $250.00 + $390.00 + $64.00 = $707.00.
- Your employer must correctly document and report each hour you work and all pay you receive.
- Your employer cannot threaten you or take action against you for speaking to a DOL representative, participating in a DOL legal case, or exercising your FLSA rights.
- **It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL legal case, or spoke up about your FLSA rights. It is illegal for your employer to take the following actions because you exercised your FLSA rights:**
  - Fire you or any friends or relatives that work with you;
  - Refuse to pay you for all hours you work;
  - Refuse to hire a relative of yours;
  - Report you to the government for deportation;

- o Reduce your work hours or the amount you earn;
- o Threaten you with legal problems or threaten to use their lawyer to harm you;
- o Make any other threat or take any harmful action against you.
- It is also illegal for anyone to force you to sign a document with false information about the hours you work, pay you receive, or anything else related to your FLSA rights.
- You have the legal right to tell the truth about your working conditions without anyone threatening or causing you harm.
- These laws apply to you regardless of your immigration status.

**If any of these actions occur, please immediately contact the DOL at (619) 557-5110.**

# EXHIBIT C

| Balance of Back Wages Due | | | | |
|---|---|---|---|---|
| **Payment Date Due** | **Payment** | **Principle** | **Interest** | **Balance Owed** |
| 6/15/2022 | $20,000.00 | $20,000.00 | $0.00 | $338,543.26 |
| 7/15/2022 | $5,000.00 | $4,675.37 | $324.63 | $333,867.89 |
| 8/15/2022 | $5,000.00 | $4,725.59 | $274.41 | $329,142.30 |
| 9/15/2022 | $5,000.00 | $4,720.45 | $279.55 | $324,421.85 |
| 10/15/2022 | $5,000.00 | $4,724.46 | $275.54 | $319,697.39 |
| 11/15/2022 | $5,000.00 | $4,737.24 | $262.76 | $314,960.15 |
| 12/15/2022 | $5,000.00 | $4,732.50 | $267.50 | $310,227.65 |
| 1/15/2023 | $5,000.00 | $4,745.02 | $254.98 | $305,482.63 |
| 2/15/2023 | $5,000.00 | $4,740.55 | $259.45 | $300,742.08 |
| 3/15/2023 | $5,000.00 | $4,744.58 | $255.42 | $295,997.50 |
| 4/15/2023 | $5,000.00 | $4,772.93 | $227.07 | $291,224.57 |
| 5/15/2023 | $5,000.00 | $4,752.66 | $247.34 | $286,471.91 |
| 6/15/2023 | $286,707.37 | $286,471.91 | $235.46 | $0.00 |
| Balance of Civil Monetary Penalties and Date Due | | | | |
| 6/15/2023 | $16,478.00 | $16,478.00 | $0.00 | N/A |